# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BRYAN DALY,** individually and on behalf of all others similarly situated, *Plaintiff*, v. **STABLE HOLDINGS 1 LLC**, a New York company, *Defendant,* | Case No. **CLASS ACTION COMPLAINT** **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Bryan Daly ("Plaintiff Daly" or "Daly") brings this Class Action Complaint and Demand for Jury Trial against Defendant Stable Holdings 1 LLC ("Defendant" or "Stable Holdings") to stop the Defendant from violating the Telephone Consumer Protection Act by placing pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Daly, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Bryan Daly is a resident of Campbell Hall, New York.

1

2. Defendant Stable Holdings is a New York company headquartered in Valley Stream, New York. Defendant Stable Holdings conducts business throughout this District and throughout New York.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant resides and does business from this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and the wrongful conduct giving rise to this case was directed by Defendant from this District.

**INTRODUCTION**

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of*

*Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 5.0 billion robocalls were placed in March 2023 alone, at a rate of 161.1 million per day. www.robocallindex.com (last visited April 16, 2023).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Defendant Stable Holdings is a real estate development firm that purchases, renovates and sells properties and land.[3]

15. Defendant Stable Holdings places calls and sends text messages to consumers offering to purchase properties without their prior written consent.

16. In fact, a consumer posted a voicemail that they received from Defendant Stable Holdings that is identical to the pre-recorded voicemail that Plaintiff received:



[4]

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/stable-holdings-llc/about/
[4] https://directory.youmail.com/phone/347-516-0062

17. Defendant Stable Holdings is open about its use of outbound calling to generate business. The job description for a Business Development Representative makes specific reference to outbound phone calls and text messages:

**Responsibilities**

Job Description

- Primary duties include OUTBOUND CALLING, TEXTING, E-MAIL COMMUNICATION, COORDINATION AND SCHEDULING OF REAL ESTATE BUYING AND SELLING OPPORTUNITIES AND OVERALL MANAGEMENT OF SALES PIPELINE THROUGHOUT THE SALES CYCLE.
- Live answer all inbound customer calls and gather information on the lead's motivation for selling and details about the property.
- Immediately outbound contact all leads that enter our CRM system from various other marketing channels.
- Follows company processes on contacting leads ensuring speed to contact and speed to offer KPIs are consistently achieved.
- Set phone appointments for our Acquisitions Team.
- Track outcomes of acquisitions phone appointments and perform follow-up "survey" calls.
- Follow-up with leads persistently with a "no lead left behind" mentality.
- Classify lead statuses in our CRM system to ensure lead system integrity.
- Supports Acquisition team by making notes from appointments on customer records, reviving old/dead leads, setting reminders in CRM system and determining ARV, repair costs and MAO on offers to be made.
- Performs offer follow-ups and sends out purchase agreements one week after an offer is made if the seller is unable to be contacted

Company Description

We buy houses in Long Island for Cash. We are currently one of the largest buyers in this space and we are looking for someone to join our team.[5]

18. Defendant Stable Holdings posted a video on YouTube – Importance Of A Cold Calling Script – Stable Holdings Q&A.[6] The video describes how Stable Holdings employees are trained to place cold calls in order to generate business. The video begins:

> "Having a cold calling script is so important. Some of the most successful people in the real estate industry believe in scripting and practicing at cold calling. This is a huge part of all the major real estate companies training for a reason…"[7]

---

[5] https://www.wayup.com/i-j-Stable-Holdings-493461155276787/
[6] https://www.youtube.com/watch?v=YIo8zC82uSk
[7] *Id.* – 10 seconds into the video

19. In addition, the owner of Stable Holdings – Levi Kushnir[8] regularly posts about cold calling online. For example:



20. In response to these calls, Plaintiff Daly brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

**PLAINTIFF DALY'S ALLEGATIONS**

21. Plaintiff Daly has received a series of unwanted pre-recorded calls and text messages from Defendant Stable Holdings.

22. On November 30, 2022 at 1:58 PM, Plaintiff Daly received a text message from Defendant to his cell phone, from 845-531-6849. Plaintiff replied almost immediately asking how the employee received his phone number and asking

---

[8] https://www.linkedin.com/in/levi-kushnir/
[9] https://www.facebook.com/profile/100080290243369/search/?q=cold

whether he had ever done business with Defendant in the past. He did not receive a response:



23. Plaintiff received a 2nd unsolicited text message from Defendant on December 15, 2022 at 4:23 PM, again from 845-315-6849 asking if Plaintiff has an additional property that he would wish to sell:



24. On January 31, 2023 at 12:03 PM, Plaintiff Daly received an unsolicited pre-recorded voice message call from Defendant Stable Holdings to his cell phone from 347-516-0062. The call did not ring. Plaintiff located the voicemail on his phone. The call was also from Alex, who claimed he is with S & H Homes:



25. Plaintiff believes this voicemail was pre-recorded due to its generic nature, scripted nature, because it was transmitted without the phone ringing, and because the exact same voicemail was posted on Youmail:

8



26. Plaintiff believes that he has received other similar or identical unwanted pre-recorded calls from Defendant in the past.

27. Plaintiff then received yet another unsolicited text message from Defendant on March 15, 2023 at 6:59 PM, again from 845-531-6849 to his cell phone:



28. On March 20, 2023 at 6:58 PM, Plaintiff received another unsolicited text message from Defendant, again from 845-531-6849 to his cell phone:



29. Plaintiff Daly was frustrated by the repeated, unsolicited calls and text messages from Defendant. He decided that he would play along in order to find out

---

[10] https://directory.youmail.com/phone/347-516-0062

the real name of the company he was dealing with, as S & H Homes is a DBA. He replied to Defendant on March 20, 2023 at 7:24 PM and received a response on March 21 confirming that the same company behind the texts is behind the calls he received as well:



30.     Plaintiff provided his email address to Defendant and he received an email in response identifying the correct company name Stable Holdings:

31. Plaintiff never provided consent for Defendant Stable Holdings to place pre-recorded calls to his cell phone number.

32. Plaintiff Daly was not looking to purchase or sell a property.

33. The unauthorized pre-recorded telephone call that Plaintiff Daly received from or on behalf of Defendant has harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied his phone memory, and disturbed the use and enjoyment of his phone.

34. Seeking redress for these injuries, Plaintiff Daly, on behalf of himself and Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

35. Plaintiff Daly brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant called on their cellular telephone number (2) using an artificial or pre-recorded voice.

36. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons

11

who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Daly anticipates the need to amend the Class definition following appropriate discovery.

37. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

38. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether the calls constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

39. **Adequate Representation**: Plaintiff Daly will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Daly has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Daly and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Daly nor his counsel have any interest adverse to the Class.

40. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Daly. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an

individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Daly and the Pre-recorded No Consent Class)**

41. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

42. Defendant transmitted unwanted telephone calls to Plaintiff Daly and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

43. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

44. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all pre-recorded calling activity that is done without proper consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Daly requests a jury trial.

**BRYAN DALY**, individually and on behalf of all others similarly situated,

DATED this 2nd day of May, 2023.

By: /s/ Stefan Coleman

Stefan Coleman
Coleman PLLC
11 Broadway, Suite 615
New York, NY 10001
law@stefancoleman.com
Telephone: (877) 333-9427

Avi R. Kaufman
kaufman@kaufmanpa.com

Kaufman P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*